JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant, Robert Hertz ("appellant"), appeals from the determination of the trial court that the appellant is a sexual predator, pursuant to a hearing conducted under R.C. 2950.09(C)(1). Having reviewed the arguments of the parties and the pertinent law, for the reasons that follow, we uphold the trial court and deny the appeal.
 I. {¶ 2} This case began on March 3, 1989, when appellant was indicted for kidnapping, R.C. 2905.01, with an aggravated felony specification, an aggravated felony of the first degree; felonious assault, R.C. 2930.11, with an aggravated felony specification, an aggravated felony of the second degree; gross sexual imposition, R.C.2907.05, a felony of the fourth degree; and attempted rape, R.C.2923.02/R.C. 2907.02, with an aggravated felony specification, an aggravated felony of the second degree.
 {¶ 3} On April 26, 1989, the appellant pled guilty to his indictment. The court entered a finding of guilty to all four counts. The appellant was sentenced on June 20, 1989, to an indefinite term of 12 to 15 years on both the felonious assault count and attempted rape count, and an indefinite term of three to five years on the gross sexual imposition count. All the sentences were run concurrently.
 {¶ 4} On March 19, 2002, the state filed a motion requesting the appellant be adjudicated a sexual predator. On May 10, 2002, the court ordered the Marion Correctional Institution to send an H.B. 180 packet to the court. The packet included the appellant's disciplinary record, master file, institutional summary report, job and lock assignments, certificates, security classification, pre-sentence and post-sentence reports, all psychological evaluations and reports, as well as other information.
 {¶ 5} On May 23, 2002, the court referred the appellant to the court psychiatric clinic for a sexual predator evaluation. On June 25, 2002, the appellant's sexual predator hearing was held. The court, by journal entry, found the defendant to be a sexual predator. The appellant is appealing this sexual predator classification previously made by the trial court.
 II. {¶ 6} Appellant's first assignment of error states that, "[t]he evidence was insufficient, as a matter of law, to prove `by clear and convincing evidence' that appellant `is likely to engage in the future in one or more sexually oriented offenses.'"
 {¶ 7} The factors originally listed in R.C. 2950.09(B)(2) are now listed under R.C. 2950.09(B)(3).[1] R.C. 2950.09(B)(2) — R.C. 2950.09(B)(4) now reads as follows:
 {¶ 8} "(B)(2) Regarding an offender, the judge shall conduct the hearing required by division (B)(1)(a) of this section prior to sentencing and, if the sexually oriented offense is a felony and if the hearing is being conducted under division (B)(1)(a) of this section, the judge may conduct it as part of the sentencing hearing required by section 2929.19 of the Revised Code. Regarding a delinquent child, the judge may conduct the hearing required by division (B)(1)(b) of this section at the same time as, or separate from, the dispositional hearing, as specified in the applicable provision of section 2152.82 or2152.83 of the Revised Code. The court shall give the offender or delinquent child and the prosecutor who prosecuted the offender or handled the case against the delinquent child for the sexually oriented offense notice of the date, time, and location of the hearing. At the hearing, the offender or delinquent child and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender or delinquent child is a sexual predator. The offender or delinquent child shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender or delinquent child.
 {¶ 9} (3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 10} (a) The offender's or delinquent child's age;
 {¶ 11} (b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 12} (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 13} (d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 14} (e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 15} (f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 16} (g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 17} (h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 18} (i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 19} (j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct.
 {¶ 20} (4) After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(3) of this section, the court shall determine by clear and convincing evidence whether the subject offender or delinquent child is a sexual predator. If the court determines that the subject offender or delinquent child is not a sexual predator, the court shall specify in the offender's sentence and the judgment of conviction that contains the sentence or in the delinquent child's dispositional order, as appropriate, that the court has determined that the offender or delinquent child is not a sexual predator. If the court determines by clear and convincing evidence that the subject offender or delinquent child is a sexual predator, the court shall specify in the offender's sentence and the judgment of conviction that contains the sentence or in the delinquent child's dispositional order, as appropriate, that the court has determined that the offender or delinquent child is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. In any case in which the sexually oriented offense in question is an aggravated sexually oriented offense committed on or after the effective date of this amendment, the court shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the offender's offense is an aggravated sexually oriented offense. The offender or delinquent child and the prosecutor who prosecuted the offender or handled the case against the delinquent child for the sexually oriented offense in question may appeal as a matter of right the court's determination under this division as to whether the offender or delinquent child is, or is not, a sexual predator."
 {¶ 21} It should go without saying that we are not permitted to substitute our judgment for that of the trial court, no matter how much we disagree with the lower court's fact finding. State v. Ellison,
Cuyahoga App. No. 78256, 2002-Ohio-4024.
 {¶ 22} Furthermore, R.C. 2950.09(B)(3) does not require that the trial court list or satisfy each of these factors in order to make a sexual predator determination. It simply requires that the trial court consider all of the factors which are relevant to its determination.State v. Cook (1998), 83 Ohio St.3d 4040.
 {¶ 23} A sexual predator is defined in R.C. 2950.01(E) as:
 {¶ 24} "[A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 25} The state of Ohio has the burden of proving, by clear and convincing evidence, both that the appellant committed a sexually oriented offense and that he is likely to engage in one or more sexually oriented offenses in the future. State v. Ward (1999), 130 Ohio App.3d 551,559.
 {¶ 26} In State v. Cook (1998), 83 Ohio St.3d 4040, the Ohio Supreme Court determined that R.C. 2950 is remedial in nature and not punitive in nature. Therefore, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
 {¶ 27} The standard of "clear and convincing evidence" is defined as "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." State v. Schiebel (1990),55 Ohio St.3d 71, 74, citing Cross v. Ledford (1954), 161 Ohio St. 469.
 {¶ 28} Furthermore, a sexual predator determination hearing is akin to a sentencing hearing where it is well settled that the rules of evidence do not strictly apply, as long as the evidence sought to be admitted has some indicia of reliability. State v. Brown (2002),151 Ohio App.3d 36; R.C. 2950.09; Rules of Evid., Rule 101(C).
 {¶ 29} "The Rules of Evidence do not strictly apply in sexual predator proceedings and the trial court is allowed to examine all evidence which demonstrates some indicia of reliability, regardless of whether that evidence was authenticated as contemplated by the Rules of Evidence." State v. Brown (2002), 151 Ohio App.3d 36, 39.
 {¶ 30} The appellant states that the evidence was insufficient, as a matter of law, to prove by clear and convincing evidence that appellant is likely to engage in a future sexually oriented offense. However, the trial court's journal entry did specify evidence it considered regarding appellant's likelihood to commit a future sexually oriented offense.
 {¶ 31} The trial court stated in its journal entry of August 12, 2002, that:
 {¶ 32} "The court finds that according to the Static-99, defendant is in the medium high risk for reoffending, he has had a prior sexual offense and has been involved in other criminal activity and his statements to the psychiatrist minimize his culpability and are contradicted in several places in the record of his offenses. The court finds defendant to be a sexual predator in that by clear and convincingevidence the court finds it likely defendant will reoffend. Emphasis added.
 {¶ 33} The journal entry above demonstrates that the trial court did indeed utilize sufficient evidence to prove by clear and convincing evidence that the trial court found it likely that the appellant will reoffend.
 {¶ 34} The evidence the trial used met the statutory requirements of R.C. 2950.09(B) and was sufficient as a matter of law to prove by clear and convincing evidence that the appellant was likely to engage in a sexually oriented offense in the future and therefore should be classified as a sexual predator.
 {¶ 35} The appellant's first assignment of error is not well taken and therefore denied.
 III. {¶ 36} Appellant's second assignment of error asserts that, "[a]s held by the Ohio Supreme Court in State v. Thompson, the trial court erred in determining that the appellant was a sexual predator without considering or citing to the relevant factors codified at R.C.2950.09(B)(2)."
 {¶ 37} R.C. 2950.09(B)(1) merely provides the state with the opportunity to present evidence and argumentation at the hearing; it is not required to do so. State v. Pasko, Lake App. No. 2000-L-067, 2001-Ohio-5439.
 {¶ 38} In order for the trial court to adjudicate the offender as a sexual predator, there must be clear and convincing evidence that the offender is a sexual predator. R.C. 2950.09(B)(4). A trial court may find an offender to be a sexual predator "even if only one or two statutoryfactors are present, so long as the totality of the relevantcircumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense." Emphasis added.State v. Clutter, Washington App. No. 99CA19, 2000-Ohio-371.
 {¶ 39} The appellant claims the record was devoid of any indication that the trial court utilized any of the R.C. 2950.09(B) factors in its decision. However, in the case at bar, that is not the case. The trial court conducted a full hearing on June 25, 2002. Sworn testimony and evidence regarding the appellant's status as a sexual predator was presented. This evidence was presented so that the court could rightfully evaluate the totality of the relevant circumstances.
 {¶ 40} The sworn testimony from the June 25, 2002 hearing provides additional information that the court evaluated before making its decision. This is evidenced by the fact that the court stated in its journal entry that it relied on the "record" when evaluating "contradictions" made by the appellant. In the testimony from the June 25, 2002 hearing, the court admits the state's exhibits into evidence without objection from defense counsel.[2] As previously mentioned, the trial court utilized these exhibits in coming to its decision. State's Exhibit 1 comprised the criminal investigation, dated December 15, 1988; state's Exhibit 2 included the Cleveland Police Department Offense/Incident Supplemental Report; and state's Exhibit 3 included the medical records from St. Luke's Hospital. In addition to the sworn testimony and evidence mentioned above, the trial court noted in its August 12, 2002 judgment entry that it considered the Static-99, defendant's risk for reoffending, prior sexual offenses, statements made to the psychiatrist, and contradictory statements on the record. The reasons enumerated in the court's judgment entry fully meet the statutory requirements necessary to support the adjudication of the appellant as a sexual predator.
 {¶ 41} The factors the trial court used in reviewing the evidence involved the totality of the circumstances, met the statutory requirements of R.C. 2950.09(B), and were sufficient as a matter of law to prove, by clear and convincing evidence, that the appellant was likely to engage in sexually oriented offenses in the future and therefore should be classified as a sexual predator. The appellant's second assignment of error is not well taken and therefore denied.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J. and JAMES J. SWEENEY, J. concur.
[1] See 2950.09(B)(3) of Page's Ohio Revised Code, (Supp. 2001). This is the new supplement for use in 2002. Although the section number changed from two to three (2950.09(B)(2) became (B)(3)), the facts are almost identical.
[2] Tr. 20. The state admitted its exhibits with the following statements from the transcript: "The Court: Are you moving to admit those exhibits? Ms. Demosthenes: Yes, your Honor. The Court: Mr. Warner, any objection? Mr. Warner: No, your Honor. The Court: Thank you. Would you put the exhibits on my desk. Does the state now rest? Ms. Demosthenes: Yes, your Honor, we do. Thank you." Emphasis added.